UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JOSEPH DUFFIE GRUBBS,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff hereby sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JOESPH DUFFIE GRUBBS, (hereinafter "GRUBBS") is *sui juris* and was, and still is, a resident of Barnwell, South Carolina.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter "RCCL"), is a foreign corporation, upon information and belief, that operates cruise ships, including the *M/V ADVENTURE OF THE SEAS*, upon which Plaintiff was a passenger at the time of the subject incident described further herein.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Specifically, the Parties to this action are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty and maritime jurisdiction.

4. The causes of action asserted in this Complaint arise under the laws of the State of

Florida and/or the General Maritime Law of the United States.

5. Defendant personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Were engaged in substantial business activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193; and/or

e. The Defendant's acts/omissions set out in this Complaint occurred in whole or in part in this county and/or state.

**CRUISE INCIDENT**

6. On October 9, 2025, Plaintiff Joseph Duffie Grubbs ("GRUBBS"), was a lawfully and properly fare-paying passenger abord Defendant, ROYAL CARIBBEAN CRUISES, LTD., vessel, the *M/V ADVENTURE OF THE SEAS,* while the vessel was in navigable waters.

7. During the subject cruise, Plaintiff visited the vessel's ice rink area, including the passenger seating area located in or around Studio B on Deck 2.

8. The seating area contained folding stadium-style seats provided to passengers for use.

9. Plaintiff attempted to sit, the folding stadium seat suddenly malfunctioned and/or failed to properly support him.

10. The seat unexpectedly gave way and/or collapsed, causing Plaintiff to fall directly onto the floor and land forcefully on his lower back.

11. The condition of the folding stadium seat constituted a dangerous and hazardous condition because the seat was not reasonably safe for its intended passenger use.

12. RCCL had a duty to exercise reasonable care under the circumstances to maintain

the passenger seating area and its equipment in a reasonably safe condition and to take reasonable measures to protect passengers from dangerous conditions of which it knew or should have known.

13. RCCL further had a duty to reasonably inspect, maintain, repair, and/or replace the folding stadium seats provided for passenger use.

14. RCCL knew or, in the exercise of reasonable care, should have known of the condition of the subject seat and the risk of injury presented by a folding stadium seat that was not functioning properly.

15. RCCL further knew or should have known that passengers would reasonably rely upon the stadium seating to safely support their weight when sitting in the seats provided by RCCL.

16. RCCL nevertheless failed to exercise reasonable care to ensure that the subject seat was reasonably safe and fit for its intended use

17. As a direct and proximate result of RCCL's negligence, the subject seat failed while Plaintiff was using it in an ordinary and foreseeable manner, causing Plaintiff to fall forcefully to the floor.

18. Plaintiff promptly reported the incident to RCCL's Security and Guest Services personnel, thereby placing RCCL on actual notice of the incident and the condition of the subject seating.

19. Following his return home, Plaintiff sought medical treatment for the injuries caused by the incident and was evaluated by a spine specialist.

20. As a result of the injuries sustained in the incident, Plaintiff underwent extensive medical treatment, including surgery, and was prescribed pain medication, including oxycodone, to manage his ongoing symptoms.

21. Despite extensive treatment, Plaintiff continues to suffer persistent and debilitating

symptoms, including constant sharp pain in his lower back, a continual pin-and-needles sensation extending down his leg, and tingling in his foot and toes.

22. Plaintiff's injuries have substantially impaired his mobility and his ability to perform ordinary activities of daily living.

23. Plaintiff is no longer able to walk or sit for extended periods without significant discomfort. Standing and bending have become difficult and painful, and he is unable to lift heavy objects as he was able to do before the incident.

24. Plaintiff has suffered and continues to suffer physical pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical and related expenses, and other damages recoverable under applicable maritime law.

25. The injuries and limitations sustained by Plaintiff have substantially interfered with his independence, daily activities, retirement, and family life, and have deprived him of the ability to enjoy his life as he did before the incident.

26. Plaintiff alleges that his damages are continuing in nature and that he will continue to incur damages in the future as a result of the injuries caused by the subject incident.

## COUNT I- NEGLIGENCE/ FAILURE TO PROPERLY MAINTAIN, INSPECT, AND REPAIR

Plaintiff adopts and re-alleges and incorporates by reference paragraphs One (1) through Twenty-Six as though fully set forth herein:

27. At all material times, RCCL owed Plaintiff a maritime duty to exercise reasonable care under the circumstances for his safety while he was a passenger aboard the vessel.

28. RCCL was responsible for the condition, maintenance, inspection, repair, and/or replacement of the folding stadium seats provided for passenger use in the ice rink area.

29. RCCL breached its duty of reasonable care by, among other things, failing to properly inspect the subject seat; failing to discover the dangerous condition of the seat; failing to properly maintain and repair the seat; failing to remove or replace the defective or unsafe seat; failing to ensure that the seat was reasonably fit for its intended use; and otherwise failing to exercise reasonable care under the circumstances.

30. RCCL knew or should have known that a malfunctioning folding stadium seat presented a foreseeable risk of serious injury to passengers who attempted to use it in the ordinary manner for which it was provided.

31. Plaintiff was using the seat in a foreseeable and intended manner when it suddenly failed, causing him to fall forcefully onto the floor.

32. RCCL's acts and omissions were a direct and proximate cause of Plaintiff's fall and the injuries and damages he sustained.

33. As a direct and proximate result of RCCL's negligence, Plaintiff suffered bodily injury, pain and suffering, disability, physical impairment, mental anguish, medical expenses, loss of enjoyment of life, and other damages recoverable under applicable maritime law.

**WHEREFORE,** Plaintiff, JOSEPH DUFFIE GRUBBS, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief as this Honorable Court deems just and proper.

## COUNT II- GENERAL NEGLIGENCE AGAINST DEFENDANT RCCL

Plaintiff adopts and re-alleges and incorporates by reference paragraphs One (1) through Twenty-Six as though fully set forth herein:

34. At all times material hereto, Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), owed Plaintiff, JOSEPH DUFFIE GRUBBS, a duty to exercise reasonable care under the circumstances for Plaintiff's safety while he was a fare-paying passenger aboard Defendant's vessel.

35. RCCL had a duty to maintain the vessel and all areas made available for passenger use in a reasonably safe condition.

36. RCCL had a duty to reasonably inspect areas of the vessel accessible to passengers, including the ice rink and stadium seating area, in order to discover dangerous conditions and conditions presenting an unreasonable risk of harm to passengers.

37. RCCL had a duty to properly maintain, inspect, repair, replace, and/or remove from passenger use equipment and fixtures provided for passenger use, including the folding stadium seating at issue in this action.

38. RCCL had a duty to ensure that the folding stadium seat provided for Plaintiff's use was reasonably safe, functional, secure, and fit for its intended and foreseeable purpose.

39. RCCL knew, or in the exercise of reasonable care should have known, of the condition of the subject folding stadium seat and the unreasonable risk of harm presented by a seat that could malfunction, collapse, or otherwise fail when used by a passenger.

40. RCCL further knew, or should have known, that passengers would reasonably rely upon the folding stadium seating provided by RCCL to safely support them when sitting in the seats for their intended purpose.

41. RCCL breached its duty of reasonable care by, among other things:

a) Failing to properly inspect the subject folding stadium seat;

b) Failing to discover the defective, dangerous, and/or unsafe condition of the subject

seat;

c) Failing to properly maintain the subject seat;

d) Failing to properly repair the subject seat;

e) Failing to timely replace the subject seat;

f) Failing to remove the subject seat from passenger use despite its unsafe condition;

g) Failing to ensure that the subject seat was reasonably safe and fit for its intended use;

h) Failing to implement and/or follow reasonable inspection and maintenance procedures concerning the subject seating;

i) Failing to take reasonable precautions to protect passengers from the dangerous condition of the subject seat;

j) Failing to warn passengers of the dangerous condition of the subject seat; and

k) Otherwise failing to exercise reasonable care under the circumstances.

42. Plaintiff was using the subject folding stadium seat in a normal, foreseeable, and intended manner when the seat suddenly malfunctioned and/or failed, causing Plaintiff to fall directly onto the floor and land forcefully on his lower back.

43. Plaintiff did not cause, create, or otherwise contribute to the dangerous condition of the subject seat.

44. The occurrence was a foreseeable consequence of RCCL's failure to exercise reasonable care in the inspection, maintenance, repair, replacement, and supervision of the subject passenger seating.

45. RCCL's acts and omissions, whether taken individually or collectively, were a direct and proximate cause of Plaintiff's fall and the injuries and damages he sustained.

46. As a direct and proximate result of RCCL's negligence, Plaintiff sustained bodily injuries and has suffered and continues to suffer physical pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of enjoyment of life, medical expenses, and other damages recoverable under applicable maritime law.

47. Plaintiff further alleges that his damages are continuing in nature and that he will continue to suffer damages in the future as a direct and proximate result of the incident and injuries complained of herein.

**WHEREFORE**, Plaintiff, JOSEPH DUFFIE GRUBBS, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief as this Honorable Court deems just and proper.

**COUNT III: NEGLIGENCE / FAILURE TO PROVIDE SAFE PASSENGER EQUIPMENT**

Plaintiff adopts and re-alleges and incorporates by reference paragraphs One (1) through Twenty-Six (26) as though fully set forth herein:

48. At all times material hereto, Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), owed Plaintiff a duty to exercise reasonable care under the circumstances to provide reasonably safe equipment, fixtures, facilities, and seating for the use of its fare-paying passengers.

49. RCCL provided the folding stadium seat at issue to Plaintiff and other passengers for their use while attending activities in the vessel's ice rink area.

50. RCCL had a duty to ensure that the passenger equipment it provided, including the folding stadium seat, was reasonably safe, secure, functional, properly maintained, and fit for its

intended and foreseeable use.

51. RCCL breached its duty by providing Plaintiff with a folding stadium seat that was defective, unsafe, malfunctioning, and/or otherwise incapable of safely performing its intended function.

52. RCCL further breached its duty by allowing the subject folding stadium seat to remain available for passenger use when it was not reasonably safe for passengers to occupy.

53. RCCL knew, or in the exercise of reasonable care should have known, that providing an unsafe or malfunctioning folding stadium seat to passengers created an unreasonable and foreseeable risk of injury.

54. Plaintiff reasonably relied upon RCCL to provide passenger seating that was safe and capable of supporting him when used for its intended purpose.

55. Plaintiff was using the subject folding stadium seat in an ordinary, foreseeable, and intended manner when the seat suddenly malfunctioned and/or failed, causing Plaintiff to fall directly onto the floor and land forcefully on his lower back.

56. Plaintiff did not misuse the subject seat, and nothing about Plaintiff's use of the seat was outside the manner in which RCCL intended and expected its passengers to use the seating.

57. RCCL's failure to provide Plaintiff with reasonably safe passenger equipment was a direct and proximate cause of Plaintiff's fall and the injuries he sustained.

58. As a direct and proximate result of RCCL's negligence, Plaintiff suffered and continues to suffer bodily injuries, physical pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of enjoyment of life, medical expenses, and other damages recoverable under applicable maritime law.

**WHEREFORE**, Plaintiff, JOSEPH DUFFIE GRUBBS, demands judgment against Defendant, RCCL, for damages including but not limited to past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, permanent impairment, and all other damages recoverable under the law, along with interest, costs, and such other relief as this Honorable Court deems just and proper.

Dated: October 7, 2026

Respectfully submitted,

GONZALEZ, P.A.
*Attorney for Plaintiff*
19 S. Krome Avenue
Homestead, Florida 33030
Telephone No.: (786) 429-1511
Facsimile No.: (305) 230-3298

By: */s/ Alejandro J. Gonzalez*
**ALEJANDRO J. GONZALEZ, ESQ.**
Florida Bar No. 015293
alex@agonzalezlaw.com
info@agonzalezlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

Respectfully submitted,

GONZALEZ, P.A.
Alejandro J. Gonzalez, Esq.
*Attorney for Plaintiff*
19 S. Krome Avenue
Homestead, Florida 33030
Telephone No.: (786) 429-1511
Facsimile No.: (305) 230-3298

By: */s/ Alejandro J. Gonzalez*
**ALEJANDRO J. GONZALEZ, ESQ.**
Florida Bar No. 015293
alex@agonzalezlaw.com
info@agonzalezlaw.com